27 C.C.P.A. (Patents)

## In re SECURITY ENGINEERING CO., Inc.
### Patent Appeal No. 4346.

Court of Customs and Patent Appeals.
July 8, 1940.

Fred H. Miller, of Los Angeles, Cal. (Theodore A. Hostetler, of Washington, D. C., of counsel), for appellant.

Howard S. Miller, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

The appellant has here appealed from a decision of the Commissioner of Patents, affirming that of the Examiner of Trademarks in refusing to register an alleged trade-mark for use on oil well reamers. The examiner refused registration on the ground that "what is presented is no more than an ornamental scheme for the entire goods."

The alleged trade-mark sought to be registered consists in painting the end portions of the main shaft of the reamer the color blue and a part of the middle portion—the reaming element—the color of aluminum. Appellant's counsel has submitted to the court a photograph in colors of the reamer as sold. The application drawing, lined to show the colors used, is herewith reproduced:

------------Black

------------Blue

----------- Aluminum

----------Black

------------Blue

The reamer consists of a cylindrical heavy piece of metal several feet in length and probably from six to eight inches in diameter. In the middle portion of this cylinder there are four recesses into which are fitted rolling cutters. The cutters are so positioned that when the reamer is raised and lowered in the oil well, it reams or cuts out the walls of the well. The said central portion which is partially painted in aluminum is irregular, portions of it protruding out almost as far as do the cutters. In each of the four recesses where the cutters are placed there are bolts or screws which are removable when it is desired to remove the cutters. The cutters themselves apparently are not painted but have a black appearance. The structure surrounding the cutters which is painted in aluminum forms no design, and it is not claimed by appellant that any particular design is formed by such painting.

The Assistant Commissioner, speaking for the Commissioner of Patents, in a brief opinion, but one which we think is sound in every particular, had the following to say:

"In other words the reamer shaft is painted blue and the reaming element is painted aluminum. This arrangement, in the examiner's opinion does not result in a trade-mark, because the use of color is in no sense arbitrary, but is limited merely by the configuration of the goods.

"In the brief applicant refers to its mark as 'an aluminum band surrounding a blue reamer,' and points to various band marks that have been published for registration. The propriety of such registrations is not here in question, but it may be observed that all of them are distinguishable from the instant application because applicant's mark may not properly be described as comprising a band. All applicant has done is to color one element of its goods blue and another aluminum, and I agree with the examiner that such use of color is without trade-mark significance."

Upon reconsideration, the commissioner noted the fact that the reaming cutters had not been painted, stated that this was immaterial, adhered to his views previously expressed, and in addition to what he. had already said made the following comment: "I am still unable to agree that applicant's mark comprises a band or a series of bands. I am still of the opinion that applicant has merely colored one element of its reamer blue and another aluminum; that there is nothing arbitrary about such use of color; and that it is without trade-mark significance."

Appellant in this court has briefed the case with much thoroughness, calling attention to many decisions which are helpful in deciding the issue involved.

It is the well-settled law that for a mark to be entitled to registration it should be one which the law recognizes as being capable of distinguishing the goods of its owner from those of another. It is equally well settled that the validity of a mark and its right to registration may not depend upon color alone. Color may be an important feature of a valid and useful trade-mark, but color or colors alone when applied to the article as a whole, except under circumstances hereinafter particularized will not constitute a valid mark.

Nearly a third of a century ago the Supreme Court of the United States in A. Leschen & Sons Rope Company v. Broderick & Bascom Rope Co., 201 U.S. 166, 26 S.Ct. 425, 426, 50 L.Ed. 710, handed down what has long been regarded as the leading trade-mark case where color was depended upon to constitute a mark. In spite of the fact of the narrowness of the issue therein considered and the obiter dictum indulged, this decision has long been used by the Patent Office and the courts as a yardstick in controversies similar to the one at bar. This and other courts have cited and considered this case so many times that ordinarily it would be regarded as unnecessary to indulge here in comment concerning the same. However, in view of appellant's most earnest contentions with respect to this case and other similar cases we think it important to here again consider the aptness of the language used in that case in deciding the issue at bar. There the right to register was not involved. The Leschen & Sons Rope Company sued the Broderick & Bascom Rope Company for infringement of its registered trade-mark which consisted of a colored streak applied to or woven in a wire rope. No particular color was specified although in practice the Leschen & Sons Rope Company colored one of the strands red. The Broderick & Bascom Rope Company had, according to the pleadings, painted one strand of its rope with a distinctive color not red. The Leschen & Sons Rope Company claimed it was entitled to all colors so applied. The Supreme Court held that the only thing necessary for it to decide was that the claiming of all colors was too broad and that the trade-mark was invalid. In doing so it used language which, although it may be regarded as obiter, has been somewhat of a guide for subsequent Patent Office and court decisions. In part it said:

"Whether mere color can constitute a valid trademark may admit of doubt. Doubtless it may, if it be impressed in a particular design, as a circle, square, triangle, a cross, or a star. But the authorities do not go farther than this. In the case of Handon's Trademark, L.R. 37 Ch. Div. 112, in which a trademark was claimed for a red, white, and blue label, in imitation of the French tri-color, for French coffee, it was held not entitled to registration under the English statute, which requires a trademark to be distinctive in order to be valid. The court remarked as follows:

" 'It is the plain intention of the act that, where the distinction of the mark depends upon color, that will not do. You may register a mark, which is otherwise distinctive, in color, and that gives you the right to use it in any color you like; but you cannot register a mark of which the only distinction is the use of a color, because practically, under the terms of the act, that would give you a monopoly of all the colors of the rainbow.'

"It is unnecessary to express an opinion whether, if the trademark had been restricted to a strand of rope distinctively colored, it would have been valid. As already observed, the claim is much broader than this. * * *"

Since the handing down of that decision in 1906, it has, as far as we have observed, been, uniformly interpreted as meaning that to constitute a valid trademark, where color is imposed upon the article itself and is depended upon as a feature of the mark, the color must be impressed "in a particular design, as a circle, square, triangle, a cross, or a star." What constitutes a "particular design," of course, has been the subject matter of considerable litigation.

Appellant argues that it has a particular design in that it has between the two blue elements an aluminum one which on the reamer "comprises a band or a series of bands."

It is unnecessary for us to determine here whether or not a distinctive band or bands around an article which is formed by merely painting the same with a particular color or colors might constitute a valid trade-mark. Appellant has called attention to a number of registered marks involving a consideration of painting portions of the article upon which the mark is used in different colors such as the various marks used on oil barrels where the central portion between corrugations is of one color and the end portions a different color or colors.

Attention is called to a number of court decisions relating to trade-marks which consist of bands of colors. We have found no court decision which relates to the validity of such a trade-mark and we express no view with reference thereto. Most of these decisions involve unfair trade practices and none of them which we have found go directly to the question of the validity of such a mark. It may be noted in passing, however, that the

dictionary definition of "figure" would seem to suggest that the word, in one of its meanings, is synonymous with the term "design" and that each of the terms has a meaning which relates to a definite, characteristic shape, form or symbol. This court in Mills & Gibb Corporation v. United States, 14 Cust.App. 197, T.D. 41703, held that a stripe was a figure.

It is our view, as it was that of the tribunals of the Patent Office, that appellant has merely used blue to color the top and bottom portions of his reamer and used aluminum to color the irregularly shaped portion of the central part which surrounds the cutting knives. Assuming that stripes and colors of a particular kind painted around or upon the object sold may constitute a valid trade-mark, we do not think that appellant's alleged mark consists of such bands or stripes. Substantially the whole of the top and all of the bottom of the reamer is painted a solid color. As has hereinbefore been pointed out, the lines separating the blue and aluminum portions are irregular and form no part of any particular design or figure. In applying the colors appellant has not *impressed* the same in the form of a particular design as a circle, square, etc. If color is impressed in the form of a cross, a circle, a triangle, a square, a star, a fleur-de-lis, a palm leaf or any other definite design, it may then be referred to by that name and it would seem that in this way the origin of the goods is pointed to.

The Court of Appeals of the District of Columbia (now the United States Court of Appeals for the District of Columbia) in In re American Circular Loom Company, 28 App.D.C. 446, approved language by the Commissioner of Patents in refusing to register a trade-mark which involved color imparted by flakes of mica impressed in the external surface of certain tubular articles. The language, although applied to circumstances somewhat different than those at bar, seems to have such an apt application here as to justify quotation of the same. It follows: "Custom and reason require that a trademark shall have an existence so distinct from the goods to which it is applied that it will be readily recognized by the public and by purchasers as an arbitrary symbol adopted to authenticate origin. The surface effect which the applicant calls his trademark is not so clearly distinct from the article upon which it appears as to be readily recog-

nizable as an arbitrary symbol for this purpose, and, in my opinion, it would not be so recognized by those not specially informed."

We agree with the tribunals of the Patent Office that since appellant is depending upon color which has been painted upon the surface of the article sold without the formation of any particular design, it could not serve a trade-mark purpose and therefore is not registrable, and the decision of the Commissioner of Patents is affirmed.

Affirmed.

HATFIELD, Associate Judge, concurs in the conclusion.